**Fill in this information to identify the case:**

Debtor 1  David Hunse
Debtor 2  Carole Hunse
(Spouse, if filing)
United States Bankruptcy Court  Northern District of Illinois
Case number: 19-04047

FILED
U.S. Bankruptcy Court
Northern District of Illinois
3/19/2019

EXHIBIT A

## Official Form 410
## Proof of Claim

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) **that you received**.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Westridge Homeowners Association
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Westridge Homeowners Association
Name
Keay & Costello, P.C.
128 S. County Farm Road
Wheaton, IL 60187

Contact phone  630-690-6446
Contact email  ben@keaycostello.com

Where should payments to the creditor be sent? (if different)

Name

Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing?

Official Form 410                    Proof of Claim                    page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. How much is the claim? | $ 801.00   **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Association common expense |
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:**   Association lien<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**   $ 225000.00<br>**Amount of the claim that is secured:**   $ 801.00<br>**Amount of the claim that is unsecured:**   $ 0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $ _____<br><br>**Annual Interest Rate** (when case was filed)   _____ %<br>☑ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No
☐ Yes. *Check all that apply:*                                                          Amount entitled to priority

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies   $ _____

* Amounts are subject to adjustment on 4/1/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   3/19/2019
                   MM / DD / YYYY

/s/ Benjamin J. Rooney
Signature

Print the name of the person who is completing and signing this claim:

Name       Benjamin J. Rooney
           First name    Middle name    Last name

Title

Company    Keay & Costello, P.C.
           Identify the corporate servicer as the company if the authorized agent is a servicer

Address    128 S. County Farm Road
           Number   Street
           Wheaton, IL 60187
           City   State   ZIP Code

Contact phone   630-690-6446      Email   ben@keaycostello.com

Official Form 410                Proof of Claim                          page 3

Westridge Homeowners Association

c/o BP Management Services Inc
411 South State Street Unit B
Belvidere IL 61008

# Statement

2/26/2019

To:

Hunse, David & Carole
809 River Oaks Court
Island Lake, IL 60042

| | | | Amount Due |
|---|---|---|---|
| Date | Transaction | Amount | Balance |
| 12/31/2017 | Balance forward | | 0.00 |
| 01/01/2018 | INV #4134. <br> --- Assessments $125.00 | 125.00 | 125.00 |
| 03/31/2018 | INV #4320. <br> --- Late Fee $25.00 | 25.00 | 150.00 |
| 10/02/2018 | INV #4333. <br> Legal - 93458 <br> --- Review foreclosure file $100.00 | 100.00 | 250.00 |
| 12/12/2018 | INV #4601. <br> Collection turnover fee <br> --- Legal $150.00 | 150.00 | 400.00 |
| 12/31/2018 | PMT #1026. Annual payment-2018 | -125.00 | 275.00 |
| 01/01/2019 | INV #4439. <br> --- Assessments $125.00 | 125.00 | 400.00 |
| 02/06/2019 | INV #4605. <br> Invoice 98817 <br> --- Filing fee $1.00 | 1.00 | 401.00 |

*Handwritten:* 3-19-19   Legal Fee - BK letter & Proof of Claim   400.00   801.00

| Please make check payable to: <br> WESTRIDGE HOMEOWNERS <br> ASSOCIATION | | | | | |
|---|---|---|---|---|---|
| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
| 0.00 | 1.00 | 125.00 | 150.00 | 125.00 | |
| Phone # | E-FAX | E-mail | | Web Site | |
| 779-552-8719 | 866-607-5419 | jloveridge111@gmail.com | | www.westridge-hoa.org | |

2954831

OCT 18 1990

COPY

DECLARATION OF COVENANTS, CONDITIONS,
RESTRICTIONS AND EASEMENTS FOR WESTRIDGE
HOMEOWNERS ASSOCIATION

This Declaration is made this 16th day of October, 1988 by First American Bank, not personally, but as Trustee under Trust Agreement dated February 3, 1988 and known as Trust No. 88-06 (hereinafter referred to as "Declarant").

WHEREAS, Declarant is the title holder of that certain real property situated in Lake County, Illinois, more particularly described on Exhibit A, atached hereto, hereinafter referred to as the "Property"; and

WHEREAS, the Property consists of residential lots to be conveyed to individuals or entities; and,

WHEREAS, Declarant intends to subject the Property to the covenants, conditions and restrictions, easements, charges and liens hereinafter set forth each and all of which is and are for the benefit of the owners and public welfare and more specificly for the purpose of enhancing and protecting the value of aforesaid Property and insuring maintenance of the Ponds and Landscape Easements (as hereinafter defined) in conformity with all applicable ordinances, and for collecting and disbursing the assessments and charges hereinafter, provided for; and for such other purpose as hereinafter described;

NOW, THEREFORE, Declarant hereby declares that the property shall be held, sold and conveyed subject to the following covenants, conditions, restrictions, easements, charges and liens which are intended to constitute a general plan for the benefit of and enforcement by all present and future owners of any of the Lots and the Village of Island Lake (or other governmental authority having jurisdiction of the matters to which these restrictions apply), so as to protect the value and desirability of the Property submitted thereto and be binding on and inure to the benefit of all parties having any right, title or interest in the described Property or any part thereof, their heirs, successors and assigns.

ARTICLE I

Definitions

1.01 Developer: Westfield Development Corporation is the Developer. The term "Developer" includes all successors and assigns of Developer. Rights reserved to the Developer herein are also reserved unto the Declarant acting upon the direction of the Developer.

1.02 Association: Westridge Homeowners Association, and its successors and assigns. Said Association shall be the governing body for all Owners with respect to the administration, maintenance and repair of the Ponds and such other purposes as are hereinafter described.

1.03 Board: The Board of Directors of the Association as constituted at any time or from time to time in accordance with the applicable provisions of the By-Laws, attached hereto as Exhibit B.

1.04 Lot: Any lot of the Property as designated and described in any plat of subdivision executed and recorded subdividing the Property, or any portion thereof.

1.05 Owner: The record owner, whether one or more persons or entities, of fee simple title to any Lot, including contract sellers, but excluding those other than contract sellers having such interest merely as security for the performance of an obligation. The term "Owner" shall include Developer to the extent of any portion of the Property owned by Declarant or by any other title holding trust of which Developer shall be the beneficiary, and also includes the interest of Developer or of Declarant (or of such other title holding trust) as contract seller of any Unit.

1.06 Member: An owner who holds membership in the Association pursuant to Paragraph 2.01 of this Declaration.

1.07 Unit Membership: The membership in the Association which is appurtenant to a Member's Lot as provided in Paragraph 2.01 of this Declaration.

1.08 Declaration: This Declaration and all Supplemental Declaration made pursuant to Article V hereof, and all amendments hereof and thereof.

1.09 By-Laws: The By-Laws of the Association, a copy of which are attached hereto as Exhibit B, as said By-Laws may be amended.

1.10 Ponds: The bodies of water delineated on the final engineering drawings or plats of subdivision submitted and approved by the Village of Island Lake. Regardless of the boundary of a Pond shown on said final engineering drawing, the actual boundary of a Pond shall at any particular time be the edge of the water line of the Pond at that time.

2) There shall be no structures or buildings placed on said wetlands including but not limited to commercial, industrial, agricultural, residential buildings or signs, billboards, advertising material or other structures.

3) There shall be no removal or destruction of trees and plants, mowing, draining, plowing, mining, removal of topsoil, sand, rock, gravel, minerals, or other material on said wetlands.

4) There shall be no grazing or keeping of cattle, sheep, horses, or other livestock on said wetlands.

5) There shall be no operation of snowmobiles, dunebuggies, motorcycles, all terrain vehicles or any other type of motorized vehicles on said wetlands.

6) There shall be no blockage or barriers installed to prevent the natural drainage in said wetlands.

c) Said wetlands may not be changed, modified, or revoked without the written approval of the U.S. Army Corps of Engineers or other appropriate government agencies.

3.09 Incorporation of Rights by Reference: Reference in the respective deeds of conveyance, or in any mortgage or trust deed or other evidence of obligation, to the rights easements and covenants herein described shall be sufficient to create and reserve such rights, easements and covenants to the respective grantees, mortgagees or trustees of said parcels as fully and completely as though said rights, easements and covenants were fully recited and set forth in their entirety in such documents.

ARTICLE IV

Assessments

4.01 Personal Obligations: Each Owner of a Lot other than Developer, by acceptance of a deed therefore, whether or not it shall be so expressed in any such deed or other conveyance, shall be and is deemed to covenant and hereby agrees to pay to the Association such assessments as are levied pursuant to the provisions of this Declaration. Each assessment, together with interest thereon, costs of collection and reasonable attorneys' fees shall be a charge on the land and a continuing lien against the Lot from the date the assessment is made. Each assessment, together with interest, cost of collection and reasonable attorneys' fees, shall also be the personal obligation of the person, persons or entities who was or were the Owner of such Lot on the date said assessment was made. No Owner may waive or otherwise escape liability for the assessments provided for herein by abandonment of his or her Lot. No sale or transfer shall relieve such Lot from liability for any assessments thereafter becoming due or from the lien thereof.

4.02 Purpose of Assessments: The assessments levied by the Association shall be for the improvement and maintenance of the Ponds, including but not limited to the making of repairs, replacements and additions thereto. In addition, assessments may be levied for the purpose of paying other contractual expenses of administrating the Association and enforcing the provisions of this Declaration, including without limitation, cost of architectural review, fees of attorneys and other necessary consultants, and appropriate insurance premiums. Assessments may be levied for such other purposes of the Association as the Board shall from time to time determine upon approval of 2/3 of the Members.

4.03 Levying of Assessments: The costs of maintaining, operating, repairing and reconstructing the Ponds shall be allocated equally among the Lots that adjoin or abut a Pond or on which any part of the Pond is located.

4.04 Proof of Payment: Upon written demand of an Owner, at any time, the Association shall furnish such Owner a statement of account signed by an Officer of the Association setting forth the amount of assessments levied against such Owner's Lot, if any. Such statement of account shall be conclusive evidence of payment of any assessments not stated therein as unpaid. A reasonable charge may be made by the Association for the issuance of such certificate or statement of account.

4.05 Payment of Assessments: All assessments shall be paid directly to the Association or to such other person or entity as the Board shall direct.

4.06 Nonpayment of Assessments: Any assessment which is not paid when due shall be deemed delinquent. If an assessment is not paid within thirty (30) days after the delinquency date, it shall bear interest from the delinquency date at a rate determined by the Board, and the Association may file a lien against the Lot of the

delinquent Owner and bring an action at law or in equity against the Owner personally obligated to pay the same, including interest, costs and reasonable attorneys' fees for any such action, which shall be added to the amount of such assessment and included in any judgment rendered in such action, and the Association may enforce and foreclose any lien it has or which may exist for its benefit. No Owner may waive or otherwise escape liability for the assessments provided for herein by non-use of the Ponds or abandonment of his Lot.

4.07 Subordination of Lien to Mortgage: Notwithstanding anything to the contrary herein contained, all sums assessed by the Association but unpaid shall constitute a lien on the Lot prior to all other liens except all sums unpaid on a bona fide first mortgage lien of record against such Lot.

ARTICLE V

Annexation of Additional Property to the Subdivision

5.01 Additions to the Premises: Notwithstanding anything to the contrary in this Declaration, the Developer may, at its sole discretion, from time to time hereafter add additional portions of land to the property. Where the Developer elects to annex additional properties, said annexation shall be consummated by the recording of a Supplementary Declaration. Said Supplementary Declaration shall contain, but not be limited to, the legal description of the property which is to be annexed. Upon compliance with this paragraph, each Supplementary Declaration and the property covered herein shall be subject to the following terms and conditions:
 (a) The rights, easements, covenants, restrictions, burdens, uses and privileges set forth and described herein shall run with and bind the land of such additional property;
 (b) Every person or entity who is an Owner of any Lot in such additional property shall be a Member of the Association on the same terms and subject to the same qualifications and limitations as those Members who are then Owners of a Lot;
 (c) In all other respects, all of the provisions of this Declaration shall include and apply to such additional property included in any such Supplementary Declarations, with equal meaning and of like force and effect.

5.02 Board Membership: The Board shall not be increased, in number by reason of any increase in Members resulting from the annexation of additional property.

ARTICLE VI

Restrictions on Use of Lots

6.01 Dwelling Unit Restrictions: No Lot shall be used for other than as a residence for a family, except that Developer reserves the right for itself, or its agents, to use any Lot for office, sale and display purposes.

6.02 Landscape Requirements and Restrictions:
 (a) All Lots upon which a residential unit has been certified for occupancy by the Village of Island Lake shall be landscaped according to the following minimum specifications: front yards and side yards are to be seeded or sodded to the street curb by June 30th after occupancy if occupancy occurs from August 31 to April 30.
 (b) Lot owners shall not permit grass or other weeds to grow on their lot to a height in excess of five (5) inches. Those Lots which have a frontage (including partial frontage) on any cul-de-sac shall be responsible for the cutting of any grass or weeds in the islands within the cul-de-sac. Should any grass or weeds exceed the permitted height, then the Homeowners Association may have the grass mowed or cut and the cost of such mowing or cutting shall be paid by the responsible Lot Owner; and if such cost is not paid within thirty (30) days of notice of payment due, then the cost shall become a lien on the Lot or Lots in proportion to the responsibility of the Lot Owner(s).

6.03 Lot Use Restrictions:
 (a) No outdoor clothes-lines, microwave, shortwave or other towers for the reception or transmission of television electrical signals, or electrical or high intensity lighting shall be erected, constructed or placed on any portion of the Property.
 (b) There shall be no parking of recreational vehicles, boats, trailers, tent trailers or tractor/trailer components, permanently or temporarily, in any location in front of the front building line of the lot. Parking on any other portion of the lot shall be allowed provided such use shall be appropriately screened from view of adjacent Lot Owners.

6.04 Primacy of Village Ordinances and Plat: In the event any ordinances of the Village of Island Lake are more stringent, or if any such ordinances or the Plat of